JOSHUA HOWARD,

                    Plaintiff,

v.                                         Case No. 21-cv-273-pp

CAPT. BAUMANN, *et al.*,

                    Defendants.

**ORDER DENYING WITH LEAVE TO REFILE DEFENDANTS' MOTION TO SEAL (DKT. NO. 60), DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 64), DENYING AS MOOT PLAINTIFF'S MOTION TO STAY (DKT. NO. 67), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 67) AND GRANTING PLAINTIFF'S REQUEST TO DISMISS DEFENDANT KETTENHOVEN (DKT. NO. 64-1)**

      Plaintiff Joshua Howard, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed this case alleging that the defendants violated his constitutional rights when he was incarcerated at Green Bay Correctional Institution. Dkt. No. 1. The court screened the amended complaint (Dkt. No. 14) and allowed the plaintiff to proceed on a retaliation claim against defendants Captain Baumann and Lieutenant Kettenhoven based on allegations that they interrogated the plaintiff for something they knew he did not do, then placed him in temporary lock-up status (TLU) without legitimate cause in retaliation for the plaintiff filing an administrative complaint against Baumann. Dkt. No. 15 at 9-10. This order addresses the defendants' motion to seal Exhibit 1000, dkt. no. 60, the plaintiff's motion to compel deposition transcripts, dkt. no. 64, the plaintiff's

1

motion to stay or for an extension of time, dkt no. 67, and the plaintiff's request to dismiss defendant Kettenhoven, dkt. no. 64-1.

## I. Defendants' Motion to Seal (Dkt. No. 60)

On June 14, 2024, the defendants filed Defendants' Motion to File Partially Redacted Exhibit 1000 to Kind Declaration Under Seal.[1] Dkt. No. 60. The defendants contend that the court should seal the redacted prison investigation report (Exhibit 1000 to Declaration of John Kind) because it contains information that will threaten the safety and security of Green Bay, its staff and the individuals incarcerated there. Id. at 1. The defendants explain that the plaintiff's claims include a retaliation claim alleging that on February 9, 2018, there was no legitimate basis upon which to interrogate the plaintiff and place him in TLU status; the legitimate basis for the interrogation and subsequent TLU placement was an investigation into security issues at the prison, and the investigation report provides evidence of the underlying investigation; and the partially redacted version of Exhibit 1000 should be sealed because the investigation report is designated as "Restricted" by the DOC due to safety and security concerns and its public release would jeopardize the security and orderly operations of the DOC and its facilities, and the safety of staff and incarcerated persons at these facilities. Id. at ¶¶1-2, 4. The defendants state that in discovery, the plaintiff was given access to a partially redacted version of the confidential investigation report. Id. at ¶3.

---

[1] The defendants filed their motion to seal in conjunction with their motion for summary judgment, dkt. no. 51, which is not fully briefed.

The plaintiff objects to the partial redaction/disclosure of Exhibit 1000. Dkt. No. 65. He says that it appears that the security precautions have been exaggerated and that the defendants have unnecessarily redacted Exhibit 1000. Id. at 3. According to the plaintiff, the public copy does not need to be fully redacted, and the copy filed under seal does not need to be redacted at all. Id. He states that the defendants' description of the document as "Restricted" is an inadequate basis to justify denying access to it and does not meet the requirement of General Local Rule 79(d)(3) (E.D. Wis.). Id. The plaintiff also contends that Exhibit 1000 is a key piece of evidence supporting the defendants' position, which makes public access important. Id. at 5. The plaintiff says that the defendants have not attempted to explain why the redactions are necessary nor have they provided the certification required by General L.R. 79(d)(4). Id. He asks the court to require the defendants to file an unredacted copy for the record. Id.

The defendants reply that Exhibit 1000 is the investigation report into illicit activity and threats of a prison riot at Green Bay and that it "contains highly sensitive and confidential information that cannot be shared with prison inmates for security reasons." Dkt. No. 68 at 1. They explain that the plaintiff claims that defendant Baumann's interrogation of him on February 9, 2018 was a sham and that the defendants refuted the allegation by producing the confidential investigation report to show that the investigation had a legitimate basis and was not a sham. Id. at 2. The defendants explain that it is the existence of the investigation report itself, not every detail contained in the

report, which provides the unequivocal evidence of the legitimate basis for Baumann's interrogation of the plaintiff. Id. They also certify that the parties have conferred and have been unable to reach agreement on this matter. See General L.R. 79(d)(4).

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." In re Specht, 622 F.3d 697, 701 (7th Cir. 2010). The Seventh Circuit has held that there is a general presumption that judicial records are public. Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). That presumption "can be overridden only if . . . there is good cause for sealing a part or the whole of the record in that case." Id. (citations omitted). See also General L.R. 79(d)(3).

It is not clear to the court that security reasons justify sealing Exhibit 1000 in its entirety. The defendants state in their reply that the report relates to an investigation into threats of a prison riot at Green Bay. The defendants' brief in support of their motion for summary judgment states that the plaintiff was suspected of writing anonymous notes warning of a prison riot. Dkt. No. 52 at 2. Based on these facts—that already are in the record—it appears that Exhibit 1000 does not need to be sealed completely. "Any motion to restrict access or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record." General L.R. 79(d)(3). The defendants have not met this burden. But given their assertion

4

that Exhibit 1000 contains highly sensitive and confidential information that cannot be shared with incarcerated individuals for security reasons, the court will deny their motion to seal *with leave to refile*. Portions of Exhibit 1000 may be appropriate for the public record. The defendants may be able to submit a redacted version for filing instead of asking the court to seal the entire exhibit. If the defendants refile their motion to seal/restrict Exhibit 1000, they must support any proposed redactions with sufficient facts demonstrating good cause for withholding the material from the public record.

The defendants should be aware that when a document is "sealed," it is available only to the court. When it is "restricted," the moving party may designate those who should have access to it (for example, a motion may ask the court to restrict a document to viewing only by the court and the parties). If the defendants refile their motion, they should keep this difference in mind.

For now, Exhibit 1000 will remain sealed. The defendants may file a motion to seal or restrict by the deadline the court sets at the end of this order. If the defendants do not file a motion to seal or restrict Exhibit 1000 by that deadline, the clerk's office will unseal the redacted version of Exhibit 1000 that the defendants filed.

## II. Plaintiff's Motion to Compel (Dkt. No. 64)

The plaintiff has filed a motion to compel in which he states that he requested a copy of his deposition transcript from the defendants, but that they have not produced it. Dkt. No. 64 at 1. The defendants respond that when the plaintiff wrote a letter asking for a copy of the transcript, he was told where he

5

could obtain his own copy from the court reporter. Dkt. No 66 at 1. The court will not order the defendants to provide the plaintiff a copy of his deposition transcript because the record shows that they have give him information about how to obtain a copy of the transcript. Id. at 2. The court will deny the plaintiff's motion to compel.

In the plaintiff's cover letter to his motion to compel, he asks to "formally dismiss defendant Kettenhoven from this case as the evidence does not support it." Dkt. No. 64-1. The court will grant the plaintiff's request and dismiss Kennenhoven.

### III. Plaintiff's Motion to Stay or for Extension of Time (Dkt. No. 67)

On July 10, 2024, the court received a letter from the plaintiff asking the court to stay his deadline to respond to the defendants' motion for summary judgment because of the pending motions or, alternatively, to grant him a forty-five day extension of time to respond to the defendants' summary judgment motion. Dkt. No. 67. The court will deny as moot the plaintiff's motion to stay because this order resolves the pending motions. The court will grant the plaintiff an extension of time to respond to the defendants' motion for summary judgment. The court will not grant a further extension of time without a showing of good cause.

### IV. Conclusion

The court **DENIES WITH LEAVE TO REFILE** the defendants' motion to seal Exhibit 1000. Dkt. No. 60. The court **ORDERS** that Exhibit 1000 must remain sealed. The court **ORDERS** that the defendants may file a motion to

6

seal or restrict Exhibit 1000 by the end of the day on **August 9, 2024**. If the defendants do not file a motion to seal or restrict Exhibit 1000 by the end of the day on August 9, 2024, the Clerk of Court must unseal Exhibit 1000.

The court **DENIES** the plaintiff's motion to compel deposition transcripts. Dkt. No. 64.

The court **DENIES AS MOOT** the plaintiff's motion to stay. Dkt. No. 67.

The court **GRANTS** the plaintiff's motion for extension of time. Dkt. No. 67. The court **ORDERS** that the deadline for the plaintiff to respond to the defendants' motion for summary judgment is **EXTENDED** until the end of the day on **September 6, 2024**.

The court **GRANTS** the plaintiff's request to dismiss defendant Lt. Kettenhoven and **ORDERS** that defendant Kettenhoven is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 23rd day of July, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**